JUDGE DUVALL
delivered the opinion of the court:
On the petition of Bowman, as statutory guardian of the infant heirs of D. E. Harrison, deceased, the Garrard circuit court rendered a judgment, ordering a sale of one hundred and four acres of land belonging to the infants. At the sale made by the commissioner under this judgment, Woodcock became the purchaser of the land, and executed bond with security for the price. The bond having matured, and execution thereon having issued, Woodcock, the purchaser, and his sureties, upon regular notice to the guardian and his wards, moved the court to vacate and set aside the judgment and all proceedings under it, on the ground that the judgment was void, and that the purchaser acquired no title to the land.
The court below, on final hearing, overruled the motion, and Woodcock, &c., have appealed.
The validity of the judgment under which the appellants purchased, is questioned on various grounds :
1. It is insisted, that the commissioners who were appointed to appraise the estate of the infants failed to “report the net value of their real and personal estate, and the annual profits thereof,” and that therefore the court had no jurisdiction to decree the sale.
This objection is well taken. The report merely shows that the infants had a tract of one hundred and four acres of land, “ each share being worth $3,640;” “two slaves, worth $2,000 and “ cash paper worth about $2,000,” the aggregate annual profits of which were worth $395. Whether each infant owned two slaves, and cash paper of the value stated, does not certainly appear. But the palpable and fatal defect in the report is, that it utterly fails to disclose, in terms or in substance, the net value of their real and personal estate. The statute which requires this to be shown is as peremptory and as plain as language can make it. It is one of the many additional safeguards which the legislature, in view of the operation and judicial exposition of the former laws on the same subject, has chosen to throw around the titles of this helnless class of pro *42 prietors. With these wise and wholesome requirements of the law the courts cannot dispense, if they would, in order to relieve the hardship of particular cases. There is no difficulty in complying with them, and they must be complied with before the court can assume jurisdiction to divest the infant of his title.
The distinction between the net value and the gross value of an infant’s estate, w'hetber in lands or personalty, is too obvious to require comment. He may derive title, by descent or otherwise, to lands worth twenty thousand dollars, and yet the net value of his estate in such lands may not be equal to the half or the fourth of that sum. And so of other property. The report before us may be literally true, in every particular, and yet it may also be true that the net value of the estate oí the infants in the property described, is greatly less than the sum stated. The report therefore falls far short of meeting the demands of the statute, in failing to afford to the court anything like an adequate idea of the real and true condition of the infants with respect to their estate. As has been heretofore said by this court, the facts alluded to are required to be reported, to enable the court to determine whether or not a sale of the land in the petition mentioned would be for the benefit of the infant. “The law in this respect must be strictly complied with, and the report of the commissioners must he full and explicit on all the matters which, by the statute, they are required to ascertain and communicate to the court.” (Carpenter, &c. vs. Strother's heirs, 16 B. Mon., 296.) The sarm general doctrine has been carefully followed in a number of subsequent cases not necessary to be cited.
We would not be understood as requiring that the commissioners should in all cases adopt, in their report, the identical words of the statute. .But the facts required by the statute must be fully and explicitly stated, either in the terms used by the law itself, or in equivalent language, such as will convey distinctly the same idea.
2. The order appointing the commissioners authorizes them simply to “value the infants real estate.” It may be well questioned whether such defect in the order of appointment *43 would be cured by a report subsequently made in conformity with the law, and approved by the court. The statute requires that they shall be appointed to perform certain prescribed duties. Here ihey were appointed to perform a part only of those duties, and in ascertaining and reporting other facts, they were acting outside of any authority conferred by the court. It is not necessary to decide this point, however, as the judgment and sale must be held void on the ground already noticed.
8. We are of opinion that the bend executed by the guardian, although informal in some respects, and containing some unnecessary stipulations, is in substantial conformity to the requirements of the statute.
Several other questions have been made in argument, which it is deemed unneccessary to notice specially.
The judgment is reversed, and the eau-e remanded with directions to sustain the motion of the appellants, and to vacate and set aside the judgment of sale, and all subsequent proceedings under it.