Day, Chief Judge.
-The plaintiff in error was indicted under the act of March 14, 1871 (68 Ohio L. 39), “to prevent and punish the adulteration of milk and cheese,” which, so far as material to the present case, is as follows:
“ Seo. 1. That whoever shall knowingly sell to any person or persons, or sell, deliver, or bring to be manufactured to any cheese or butter manufactory in this state, any milk diluted with water or in any way adulterated, or milk from which any cream has been taken, or milk commonly known as ‘ skimmed milk,’ or shall keep back any part of milk known as ‘ strippings,’ with intent to defraud, . . . shall, upon conviction thereof, be fined in any sum not less than twenty-five dollars and be imprisoned in the county jail not less than ten nor more than twenty days for each offense, and liable in double the amount of damages to the person or persons, firm, or association or corporation, upon which such fraud shall be committed.”
“ Sec. 2. Each manufacturer of cheese or butter shall keep a copy of this act posted in a conspicuous place in the receiving room of his manufactory during the season of manufacturing.”
The plaintiff in error questioned the sufficiency of the indictment, by demurrer, on the ground that it is not averred what particular person, corporation, or association it was intended to defraud by the offense charged in the indictment. But section 96 of the code of criminal procedure expressly provides, that “ it shall be sufficient, in any indictment where it shall be necessary to allege an intent to defraud, to allege that the party accused did the act with intent to defraud, without alleging an intent to defraud any particular person or body corporate.” The indictment answered the requisitions of this section ; the court, therefore, did not err in overruling the demurrer.
More difficult questions arose on the trial of the plea in bar interposed by the defendant of a former acquittal of *271 the same offenses charged against him in the present case. No question is made as to the form or sufficiency of the plea or replication. Both were in accordance with section 116 of the code of criminal procedure, which is as follows:
“ The accused may then [after arraignment] offer a plea ■in bar to the indictment, that he has had judgment of acquittal, or been convicted or pardoned of the same offense; and to this plea the prosecuting attorney may reply that there is no record of such acquittal or conviction, or that there has been no pardon ; and on the trial of such issue •to a jury, the accused may produce the record of such conviction or acquittal, or the pardon, and prove that he is the same person charged in the record, or mentioned in the pardon; and shall be permitted to adduce such other evidence as may be necessary to establish the identity of the •offense.”
The offense charged in the former indictment was of the same kind as that charged in this case, and alleged to have occurred September 1, 1872; and to show their identity, the accused proved that on a former trial the state gave ■evidence tending to prove the commission of the offense on various days from the last of June to the 10th day of September, 1872. Thereupon the state proved, that on the motion of the accused, it was required by the court to elect upon which particular offense it would rely for a conviction, and that such election was made. This evidence was admitted, under the exception of the defendant. That it was the right of the accused to compel such election, where, upon an indictment containing a single charge, he may be •convicted of any one of several offenses, was settled in Stockwell v. The State, 27 Ohio St. 563. This right does not stand alone upon the single ground that the accused ■should be informed of what particular transaction will be_ relied on for a conviction, but also upon the ground that a -conviction or acquittal upon a single charge will not be a bar to more than one offense.
It was conceded that the former -indictment, though it ■contained two counts, charged but one offense. The ac *272 eused, then, could be convicted of but one offense on that, indictment, and there is no good reason why a conviction thereon should be a bar to more than one. "While it is the-right of every person not to be put in jeopardy more than once for the same offense, the principle should be so applied, as not to create an immunity for crimes which do not constitute the offenses for which the criminal has once been: exposed to punishment. Wilson v. The State, 24 Conn. 57.
But the objection to the proof offered by the state of its-election on the former trial, to ask a conviction only on a single transaction, which was different from that named in the present indictment, is founded upon the idea that the time of the offense alleged in an indictment, is not material, and that therefore proof of the facts alleged in the present indictment would sustain a conviction under the former, and so the proof offered was immaterial. This is claimed, upon the authority of Price v. The State, 19 Ohio, 423, where it is held that the true test whether the plea of a former acquittal is a sufficient bar in any particular case, is. whether the evidence necessary to support the second indictment would have been sufficient to warrant a conviction on the first. That this has always been the general rule as to a prima facie case, is not denied. "Where but one crime-has been committed it may be regarded as a conclusive test. But where more than one crime of the same kind has been committed by the same person, ,o.n the same day, and under-the same circumstances, it can not be conclusively applied without making the conviction or acquittal of one offense operate as an immunity to another. And the same remark is true when different offenses of the same kind occur under the same circumstances on different days. This rule has, therefore, always been subject to a fundamental rule, equally ancient, that the plea “must be upon a prosecution for the same identical act and crime.” 4 Blackstone’s Com.. 336. Our statute is framed in recognition of this rule in using the language that the accused “ shall bo permitted to-adduce such other evidence [than the record] as may be necessary to establish the identity of the offense.” The- *273 rule is stated by Greenleaf as follows: “ The former judgment in these cases is pleaded with an averment that the offense charged in both indictments is the same; and the identity of the offense, which may be shown by parol evi-. denee, is to be proved by the prisoner. This may generally be done by producing the record, and showing that the same evidence, which is necessary to support the second indictment, would have been admissible and sufficient to procure a legal conviction upon the first. A prima facie case on this point being made out by the prisoner, it will be incumbent on the prosecutor to meet it by proof that the offense charged the second indictment (was not the same as that charged in the first.” 3 Greenl. on Ev. (rev. ed.) sec. 36.
The rule as thus stated is just and practicable. It neither deprives the accused of his rights, nor does it afford immunity to crime. It is also supported by authority. 1 Bish. on Crim. Pro., sec. 816; State v. Ainsworth, 11 Verm. 91; State v. Lindley, 14 Ind. 430; United States v. Randenbush, 8 Pet., 288.
The case of the State v. Small, 31 Mo. 197, is directly in point. That was a case, like the one before us, where different offenses of the same kind were committed on as many different occasions, proof of any one of which would sustain an indictment for either, because time is not material in the statement of the offense. It was held in that case that “ to sustain a plea of former conviction, the burden of proof is devolved upon the defendant to show that the offense charged is the same of which he was formerly convicted; it would not be sufficient to show that the testimony adduced was the same as that introduced on the former trial, where such testimony showed several distinct and separate offenses.” Thus recognizing the rule that the identity of the offense must be established, It was therefore competent for the state to give the evidence offered relating to the identity of the offense of which the accused had been acquitted. Nor did the evidence -of the election *274 made by the state, 'though the record is silent in regard to it, contradict the record, as claimed by the plaintiff in error; for it was entirely consistent with every part of the record, and tended only to show the particular transaction to which the state was confined among others which were equally admissible under the indictment in the former record.
Since, then, the defendant could have been convicted or acquitted of but a single offense under the former indictment, which .conviction or acquittal could therefore operate, neither in fact nor law, as a bar to a prosecution for more than, one offense, the identity of which may be established by parol evidence, it follows that the rulings of -the court upon .the questions in relation to the admission of evidence were not erroneous. And, as to the charge given to the jury, and the refusal to charge as requested by the accused, upon the trial of the plea in bar, being in accordance with what we have stated as the law of the case, we deem it sufficient to say, that we find no error therein, without a more particular notice of each question made, which, at last, turn upon the points we have already discussed.
After the plea of a former acquittal was decided against the accused, he pleaded not guilty, and was put upon his trial to a jury. The state was required, on motion of the accused, to elect what particular transaction would be relied on for a conviction on each count of the indictment, and the election made was of transactions other than that made on the former trial. But the court permitted the state to prove similar transactions other than those relied upon for a conviction, but for the purpose only of showing the knowledge of the accused that the milk delivered to the factory in the transaction upon which a conviction was asked was skimmed milk. It is claimed that the court erred in admitting this evidence. But it was admitted only for the purpose of showing guilty knowledge on the part of the accused, and was confined to the proof of that fact only. It was incumbent on the state to prove such *275 guilty knowledge. Proof of repeated deliveries of skimmed milk to the factory by the defendant about the same time with that on which a conviction was sought, tended to show his guilty knowledge in that transaction; and, in accordance with the well-established rule as to the admission of circumstantial evidence of that character, as evidence of such knowledge, it was admissible for that purpose. Hess v. State, 5 Ohio, 9; Reed v. State, 15 Ohio, 228; Griffth v. State, 14 Ohio St. 62; Shriedley v. State, 23 Ohio 130 ; Commonwealth v. Stone, 4 Met. 43 ; Commonwealth v. Price, 10 Gray, 476; 1 Whar. Grim. Law, secs. 649, 631, et seq.; 3 Greenl. Ev., sec. 15, et seq.; Ros. Grim. Ev. 93-100.
Nor did the court err in rejecting the evidence offered by the accused that a copy of the statute, under which he was indicted, was not posted in the factory, as required by the. second section of the act; for the act, by the fourth section, took effect from its passage, and the provisions of the first section are not limited by the second, wh.ich.is merely directory.
Nor did the court err in overruling the motion for anew trial, on the ground of misconduct of the jury. The only misconduct complained of is the separation of the jury at night after they had agreed upon and sealed up their verdict. But the jury convened on the opening of the court in the morning, and delivered their verdict to the court. All this was done by direction of the court. Under section 164 of the criminal code, as it was originally enacted, such separation would have been unwarranted. It provided that, “ in the trial of misdemeanors, they shall not be permitted to separate, after receiving the charge of the court, until dischai’ged.”
But, before the case was tried, the section had been amended, as follows : “ "When a case is finally submitted to a jury, they must be kept together in some convenient place, under the charge of an officer, until they agree upon a verdict, or are discharged by the court.” 68 Ohio L. 5. So that the separation of the jury after they had agreed upon a verdict was left, by this section, to the discretion of the *276 court, and where nothing occurred to the prejudice of the accused, it was not such misconduct of the jury as necessarily to require the granting of a new trial; we can not say, therefore, that the court erred in overruling the motion for a new trial on that ground; nor, for reasons already stated, on the other grounds alleged, which are but a repetition of the points made in the course of the trial. It follow's that the judgment of the court of common pleas must be affirmed.
Johnson, J., dissented from the seventh proposition in the syllabus.