COMMONWEALTH *vs.* CHARLES H. RUSSELL.

Suffolk.    March 1, 1892. — April 25, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Evidence of Collateral Facts — Confessions — Instructions — Variance.*

In prosecutions for forgery and for uttering forged paper proof is admissible in order to show an intent to defraud by the forgery, and also to show knowledge on the part of the accused with reference to the particular document which he is charged with uttering, that at or near the time of committing the alleged offence he had passed or had in his possession other similar forged documents.

Where, in an indictment charging the defendant with the forgery of a check and with uttering the same, knowing it to have been forged, there was evidence of alleged statements or confessions of the defendant, which related in part to other checks found upon him or passed at about the time of the indictment, it was *held* that as all the statements were pertinent to the question whether the checks were forgeries, and as that question was in law pertinent to the issue, the evidence was competent.

Where instructions requested were the same in substance as those given, those requested were properly refused.

Where an indictment alleged the making and uttering of a false check or order for money of a certain tenor, and there was no evidence that the maker, whose name was forged, had an account with the bank on which the check purported to be drawn, or any right to draw upon the bank, the court rightly refused to rule that there was no evidence to warrant a conviction, or that there was a variance between the allegation and the proof in that the words "order for money" in the indictment implied a mandatory power in the maker of the check, while upon the proof it did not appear that the alleged maker had any right to command the bank to pay the check, or any check.

BARKER, J.   1. It is an established exception to the rule forbidding proof of collateral facts, that, in prosecutions for forgery

and for uttering forged paper, proof is admissible, in order to show an intent to defraud by the forgery, and also to show knowledge on the part of the accused with reference to the particular document which he is charged with uttering, that at or near the time of committing the alleged offence he had passed or had in his possession other similar forged documents. *Commonwealth* v. *Miller*, 3 Cush. 243, 250. *Commonwealth* v. *Stone*, 4 Met. 43, 47. *Commonwealth* v. *White*, 145 Mass. 392, 395. *Rex* v. *Ball*, Russ. & Ry. 132. *Rex* v. *Wylie*, 1 Bos. & P. N. R. 92. *Rex* v. *Smith*, 2 C. & P. 633. *Sunderland's case*, and other cases, 1 Lewin, 102–104. *Rex* v. *Whiley*, 2 Leach, 983. The admission of such evidence is necessary, because guilty knowledge is a fact not susceptible of proof by direct evidence, and can rarely be shown by explicit admissions, but only by acts and conduct. Intent to defraud often sufficiently appears from the circumstances of the transaction, where its immediate and necessary effect is to defraud; but there are many cases of the false making of instruments which have no such necessary effect, and in which the fraudulent intention must be proved by other and collateral circumstances. Although the introduction of such evidence compels the defendant to meet acts not charged, and may lead the jury to convict of one crime upon proof of another, it is admitted when the occasion arises. *Commonwealth* v. *Stone, ubi supra. Commonwealth* v. *Tuckerman*, 10 Gray, 173, 206. This doctrine is a branch of a more general exception, which, when knowledge or intent must be proved, allows evidence of acts not in issue, but which tend to show such knowledge or intent, as in the trial of indictments for passing counterfeit money; *Commonwealth* v. *Price*, 10 Gray, 472, 476; *Commonwealth* v. *Hall*, 4 Allen, 305; for obtaining goods upon false pretences; *Commonwealth* v. *Stone*, 4 Met. 43, for embezzlement; *Commonwealth* v. *Eastman*, 1 Cush. 189, 216; *Commonwealth* v. *Miller*, 3 Cush. 243, 250; *Commonwealth* v. *Tuckerman*, 10 Gray, 173.; *Commonwealth* v. *Shepard*, 1 Allen, 575; and for adultery; *Commonwealth* v. *Merriam*, 14 Pick. 518, 520. As said by Bigelow, C. J., in *Commonwealth* v. *Shepard, ubi supra*, " It is essential to the rights of the accused that, when such evidence is admitted, it should be carefully limited and guarded by instructions to the jury, so that its operation and effect

may be confined to the single legitimate purpose for which it is competent."

In the case at bar the defendant was tried upon an indictment charging him with the forgery of a check upon a bank, purporting to be drawn to his order by one Andrews, and in a second count with uttering the same check knowing it to have been forged. It was shown that, when arrested, he had three other checks upon the same bank, payable to his own order, one of which purported to be drawn by Andrews; and evidence, consisting in part of his own alleged confessions, was admitted, subject to his exception, tending to show that the checks found upon him, and also two others passed by him about the same time as the one set out in the indictment, were forgeries. Under the principle above stated, all the evidence excepted to was competent, both to show his knowledge that the check set out in the indictment was forged, and that his purpose in the forgery and the uttering was to defraud. It is to be presumed that correct and appropriate instructions to enable the jury to make a proper application of the evidence were given. *Commonwealth* v. *Shepard*, 1 Allen, 575, 582. *Adams* v. *Nantucket*, 11 Allen, 203, 205. Reserving for the present the questions raised as to the alleged confessions, these considerations require us to overrule the other exceptions to the admission of evidence, and also the exception to that portion of the charge which allowed the jury, on the question of the defendant's intention to defraud by the forgery, to consider the fact that he had in his possession at the time of his arrest other forged checks.

2. The defendant excepted to the admission of evidence of his alleged confessions. Before such evidence was received, the witnesses were examined by the defendant's counsel with reference to any inducements offered or statements made to him by the officers, and the bill of exceptions states that it appeared that no inducements were held out. When the examination disclosed that his statements related in part to the other checks above mentioned, the defendant's counsel objected to the admission of any statement or confession about checks other than the one mentioned in the indictment, and excepted to all evidence of his statements as to the other checks. But as all the statements were pertinent to the question whether the checks were

forgeries, and as that question was in law pertinent to the issue, the evidence was competent. During the charge the court instructed the jury that, if the testimony of the officers showed that any inducement or hope of reward was held out to the defendant, they were to disregard any confession that might have been testified to. At the close of the charge the defendant requested the court further to instruct the jury, " that if they believed, taking all the circumstances of the case into consideration, that the officers held out any inducement or hope of reward to defendant if he would confess, their testimony as to any confession or admissions which might have been made by defendant must be disregarded." As there was no evidence bearing upon this question except the testimony of the officers, the instruction given and that requested were the same in substance, and that requested was properly refused.

3. There was no evidence that Andrews ever had an account with the bank on which the check purported to be drawn, or any right to draw upon the bank. The court refused to rule that for this reason there was no evidence to warrant a conviction, or that there was a variance between the allegation and the proof in that the words " order for money " in the indictment implied a mandatory power in the maker of the check, while upon the proof it did not appear that Andrews had any right to command the bank to pay the check, or any check. The requests for these rulings were properly refused. The indictment alleges the making and uttering of a false order for money of a certain tenor. Whether, if the false order had been genuine, it would have been a document which the bank on which it purported to be drawn would have been bound to honor, or even whether or not there was such a bank, was not alleged in the indictment, and was immaterial.

*Exceptions overruled.*

*F. M. Davis & C. F. Spear*, for the defendant.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.