## COMMONWEALTH vs. LOUIS BRENNOR.

Essex.    November 7, 1906. — January 4, 1907.

Present : KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Criminal*, Exceptions.   *Accomplice.*

At the trial of an indictment for receiving stolen goods knowing them to have been stolen, in which the persons who stole the goods had testified as witnesses, the defendant asked the judge to state to the jury that it was not safe to convict upon the uncorroborated testimony of accomplices and to advise the jury to acquit unless their testimony was corroborated upon some material point. The judge refused this request, but instructed the jury that they should consider the testimony of the accomplices with the utmost care and scrutiny unless they found it to be corroborated by other testimony on some point material to the case and further stated that they well might hesitate to convict unless there was such corroboration.   *Held*, that the defendant had no ground for exception.

At the trial of an indictment for receiving stolen goods knowing them to have been stolen, in which the persons who stole the goods had testified as witnesses and there was ample corroborative evidence of the theft, the defendant excepted to the refusal of the presiding judge to rule that there was no testimony which corroborated that of the accomplices upon any material point.   *Held*, that one of the material points was that the goods had been stolen and therefore that the request was refused rightly, it not being open to the defendant to argue that what he meant by "some material point" was something connecting the defendant with the crime with which he was charged.

At the trial of an indictment for receiving stolen goods knowing them to have been stolen, with two counts relating respectively to two lots of goods stolen from the same place on successive days, each lot having been stolen by three persons, of whom only two were the same, all of the persons who stole the goods testified as witnesses, and the person who joined in stealing the goods described in the first count but who had nothing to do with stealing the goods described in the second count, testified to transactions of the defendant relating to the goods described in the first count which were evidence of the defendant's guilty knowledge and intent in receiving the goods described in the second count and also tended to show a plan of action between the defendant and the two other persons who joined in stealing both lots of goods for the disposal of the goods stolen by them.   The defendant excepted to the refusal of the presiding judge to rule that there was no testimony which corroborated that of the

accomplices on any material point. *Held*, that, assuming that the judge and counsel both understood that corroboration upon some material point meant evidence tending to connect the. defendant with the crime with which he was charged, and that such corroboration must be other than the testimony of another accomplice, yet the request, which was applicable to the whole case, was refused properly, as the testimony of the witness not concerned with the theft described in the second count was such corroboration in regard to the offence described in that count.

INDICTMENT, found and returned in the Superior Court for the county of Essex on January 13, 1906, in two counts, charging the defendant with buying, receiving and aiding in the concealment of certain property of the W. C. Lewis Shoe Company, knowing it to have been stolen, the property which the defendant was charged in the first count with receiving consisting of thirty-six cases of soles of the value of $5.40 stolen on June 23, 1905, and the property which the defendant was charged in the second count with receiving consisting of sixty other cases of soles of the value of $6, stolen on June 24, 1905.

At the trial in the Superior Court before *Harris*, J. the jury returned a verdict of guilty; and the defendant alleged exceptions, raising the questions which are stated in the opinion.

*J. P. Sweeney*, for the defendant.

*H. C. Attwill*, Assistant District Attorney, for the Commonwealth.

HAMMOND, J. The defendant requested the judge to state to the jury that it was not safe to convict upon the uncorroborated testimony of accomplices, and to advise the jury to acquit unless their testimony was corroborated on some material point. This the judge declined to do, but instructed the jury that they should consider the testimony of the accomplices with the utmost care and scrutiny unless they found it to be corroborated by other testimony on some point material to the case, and further stated that they might well hesitate to convict unless there was such corroboration.

The defendant then requested a ruling that as matter of law there was no testimony which corroborated that of the accomplices upon any material point. This ruling also the judge refused.

The defendant was charged with receiving stolen goods, knowing them to have been stolen. One of the material points to be

proved was that the goods had been stolen. There was ample corroborative evidence of the theft, and therefore the request literally interpreted should not have been given.

But it is now argued by the defendant that what he meant by " some material point " was something connecting the defendant with the crime with which he was charged. See *Commonwealth* v. *Holmes*, 127 Mass. 424, and cases cited. The difficulty however with this contention is that the requests are not so worded, nor do they necessarily imply that.

But even if it be assumed in favor of the defendant that both judge and counsel understood that corroboration upon some material point meant evidence tending to connect the defendant with the crime with which he was charged, (*Commonwealth* v. *Holmes*, 127 Mass. 424,) and further that the corroboration must be by evidence other than that of another accomplice, and still further that under the circumstances the defendant had the right to an instruction as to whether there was corroborative evidence, we are of opinion that the refusal to give the ruling that there was no corroborative evidence was correct.

There were two counts, one for goods stolen and received on the twenty-third day of June, and the other for goods stolen and received on the next day. There was evidence in support of both counts. Collins, Terrence J. Sweeney and Terrence E. Sweeney stole the goods to which the first count related, and Collins, Terrence J. Sweeney and Lahey stole those to which the second count related. Lahey is not shown to have been concerned in the first theft, nor Terrence E. Sweeney in the second. Now one of the material points was to show the defendant's guilty knowledge of the theft, and it was a point tending to connect him with the crime. The testimony of Terrence E. Sweeney, who had nothing to do with the second theft, as to the transactions of the defendant relating to the first count, would have been independent evidence to show the defendant's guilty knowledge and intent in the transactions of the second count, and as also tending to show a scheme or plan of action between the defendant and Collins and Terrence J. Sweeney for the disposal of goods stolen by them. *Commonwealth* v. *McCarthy*, 119 Mass. 354. *Commonwealth* v. *Cotton*, 138 Mass. 500. *Commonwealth* v. *Russell*, 156 Mass. 196. *Commonwealth* v. *Corkery*, 175 Mass. 460.

The request being applicable to the whole case was properly refused. It becomes unnecessary to consider whether there was other corroborative evidence.

*Exceptions overruled.*