STATE, Respondent, v. POWER, Appellant

(54 N. W.2d 565)

(File No. 9274.   Opinion filed August 20, 1952)

Rehearing denied September 19, 1952

**Ralph A. Dunham**, Atty. Gen., **W. O. Knight**, Asst. Atty. Gen., **Richard Bielski**, State's Atty., **Gene Pruitt**, Asst. State's Atty., Sioux Falls, for Plaintiff and Respondent.

**Eugene C. Mahoney** and **Jerry Maher**, Sioux Falls, for Defendant and Appellant.

SICKEL, P. J. The information filed in the municipal court of the city of Sioux Falls consists of 5 counts charging the defendant William C. Power with having under his control and permitting to be kept under his control, in 5 different places within the county, devices commonly known as one-ball machines, contrary to the provisions of SDC 24.-0204. Count I was dismissed, and defendant was convicted on counts II, III, IV and V. Motion for a new trial was denied, and defendant appealed.

It is conceded by appellant that the evidence is sufficient to justify the jury in finding that the machines were gambling devices installed for gambling purposes, and that they were so used contrary to the statute. It is also conceded that the machines were installed by the owner or person in control of them in the several places of business and that the person so installing the machines violated the provisions of the statute. It is the contention of appellant that the only evidence connecting defendant with each offense is the testimony of the proprietors of the places in which the machines were installed; that these proprietors were accomplices; that their testimony connecting defendant with the several offenses alleged in the information is not corroborated by the testimony of other witnesses and that therefore the evidence is insufficient to justify the verdict.

SDC 34.3636 provides: "A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof."

In the case of State v. Hicks, 6 S. D. 325, 60 N.W. 66, it was stated by this court: "The corroborative evidence contemplated by this section is not necessarily such evidence as will of itself support a conviction, and thus render that of the accomplice cumulative or superfluous, but it is evidence

that tends to support that of the accomplice in the respect that 'it tends to connect the defendant with the commission of the offense;' in other words, the corroborative evidence must be such as fairly leads to the inference that the testimony of the accomplice implicating the defendant in the commission of the offense is true. Some substantial evidence of this sort is essential, but its extent or degree of probative force is for the jury. It is not necessary, as argued by plaintiffs in error, that the corroborative evidence of itself should be sufficient to prove the commission of the crime, or establish the defendant's guilt. To require that would be to render the evidence of the accomplice unnecessary and redundant." Consider also State v. Phillips, 18 S. D. 1, 98 N.W. 171, 5 Ann.Cas. 760; State v. Bachelor, 67 S. D. 259, 291 N.W. 738.

These machines were not sold, but were installed by the owner in the several places of busiess with the permission of the proprietors. The machines were locked, and the owner had the only keys. According to the evidence the machines were played by inserting a nickel in a slot then driving balls out of a chute and counting the score. A player might win a free game or a jack pot. The machines retained all the nickels inserted and refunds for free games were made by the proprietors. The owner or his employees opened the machines at frequent intervals and removed the coins, first reimbursing the proprietors for money paid out for free games, and then dividing the proceeds equally between the owner and the proprietors. The owner and the proprietor each paid half of the state tax.

Count V charged that William Middlen was the proprietor of "Bill's Place". He testified that the defendant came to his place in October, 1950 and asked permission to install a one-ball machine. This permission was granted by the witness, and the machine was installed. Later the witness called the Power Amusement Company on the telephone, talked to Kal Kallgren, and ordered the machine removed. It was removed and was later replaced by Kallgren and Emmett Powell. The witness further testified that Kallgren and Powell came to his place with keys to the machine and serviced it, that is, repaired it when out of order, and

opened it at times to remove the coins and divide the proceeds with the proprietor.

Count IV charges that Mrs. J. C. Raymond was the proprietor of "Claude's Place". She testified that she became acquainted with defendant in the spring of 1951. A one-ball machine was installed at the solicitation of Kallgren on March 12, and about two weeks later defendant came to her place to check the machine. He opened the machine with his key, counted the money and divided it equally between them. Later the witness called the Power Amusement Company on the telephone, talked to Kallgren, and asked that the machine be removed. Defendant came to the telephone and told her that the machine was legal. The witness had another conversation with defendant after she paid her fine. The machine was serviced by Kallgren and Powell who also opened her machine, counted and divided the money a couple of times a week. The witness identified exhibit 5 as a slip of paper sent to her by defendant showing the amount of receipts as $129.70 and the state tax due thereon, and to which was attached check by defendant for $1.94 which the witness was to match and send to the state in payment of the tax.

Jack Stene, a police sergeant, testified that he was acquainted with defendant, had known him for several years and that he made the arrest in this case. He testified that defendant was the operator of the Power Amusement Company which had to do with phonograph, one-ball, pin-ball and slot machines. He further testified that he had been in this place of business and that Kallgren had been defendant's employee for a number of years.

Richard Zaayer, another police officer, testified that he had been acquainted with the defendant for a couple of years, that the defendant runs the Power Amusement Company which handles coin controlled machines. He testified that he had known Kallgren for 7 or 8 years and that the latter had been employed by defendant about 4 or 5 years as a service man, that he had seen Kallgren service machines for Power and that he served Kallgren with the subpoena at defendant's place of business. He also testified that he saw Kallgren with Power's equipment truck.

502

■ Middlen was an accomplice of the defendant as to the offense charged in count V of the information, and defendant could not be convicted on that count on the testimony of Middlen alone unless Middlen was corroborated by other evidence tending to connect the defendant with the offense charged in that count.

■■ Mrs. Raymond was an accomplice of the defendant as to the offense charged in count IV of the information, and defendant could not be convicted on that count unless the testimony of Mrs. Raymond was corroborated by other evidence tending to connect the defendant with the offense charged in that count. However the 4 counts of the information charge separate offenses in no way connected with each other than that they were similar and were committed by the same person as owner of the machines. The proprietor Middlen was an accomplice under count V as to the machine installed in his place of business, but he was not an accomplice as to the offenses charged in counts II, III and IV. Mrs. Raymond, the proprietor, was an accomplice under count IV as to the machine installed in her place of business but she was not an accomplice as to the offenses charged in counts II, III and V. The reason is simple enough since "One who could not be convicted of the crime with which accused is charged is not an accomplice, no matter how culpable his conduct in connection therewith may be." 22 C.J.S., Criminal Law, § 786. Since neither Middlen nor Mrs. Raymond could be convicted under any count of the information excepting the one relating to his or her own place of business, their testimony need not be corroborated so far as it is material to other counts in the information. Commonwealth v. Brennor, 194 Mass. 17, 79 N.E. 799; People v. Sternberg, 111 Cal. 3, 43 P. 198.

■ We therefore conclude that the evidence of the accomplices in support of all 4 counts of the information is corroborated by substantial evidence which tends to connect the defendant with the commission of each offense charged in the information.

Judgment affirmed.

All the Judges concur.