## JOHN P. BRIDGES v. STATE OF NEBRASKA.

FILED NOVEMBER 21, 1907. No. 15,168.

1. Criminal Law: VERDICT. Where the state in a criminal prosecution elects to proceed upon one of several counts contained in the information, and by the instructions of the court the jury are told, in effect, that their verdict must respond to the charge contained in that count, a verdict of guilty, as charged in the information, is sufficient.

2. Jury: QUALIFICATIONS. An opinion based upon newspaper reports does not afford cause for a challenge, where it is shown that such opinion will not interfere with the juror's rendering a fair and impartial verdict upon the evidence under the instructions of the court.

3. Incest: EVIDENCE: INSTRUCTIONS. Where, in a prosecution of one charged with the crime of incest, the court instructs the jury that they should not convict the defendant on the uncorroborated evidence of the prosecutrix, it is proper to conclude the instruction with the words: "This does not necessarily mean that it must be corroborated by an eye-witness to the particular act of intercourse, but it is necessary that she should be corroborated as to the material facts and circumstances, which tend to support her testimony, and which tend to establish or corroborate the truth thereof, and such corroboration can be by either direct testimony or by circumstantial evidence."

4. Criminal Law: INSTRUCTIONS. Where an instruction tendered by the defendant contains a statement not warranted by the evidence, it is not error for the court to modify the instruction by striking out such unwarranted statement, and give it as thus modified.

5. **Incest: ACCOMPLICES.** A girl less than 16 years of age, who under physical and moral coercion has maintained incestuous relations with her father, is not an accomplice in crime.

6. **Evidence** contained in the bill of exceptions found sufficient to sustain the verdict.

ERROR to the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*C. W. Seymour* and *John C. Watson,* for plaintiff in error.

*W. T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

BARNES, J.

The defendant below was convicted of the crime of incest, and has brought the case here by petition in error.

The information contained three counts. The first charged the defendant with what is commonly called statutory rape; the second count contained a charge of rape as defined by the common law, with an additional allegation that the victim was the defendant's daughter; while the third count charged him with the crime of incest as defined by section 203 of the criminal code. The defendant filed a motion to quash the information for duplicity. The state thereupon elected to proceed to trial upon the third count alone, and the motion was therefore overruled. The jury returned a verdict of "guilty, as charged in the information," and the defendant assigns error for that the verdict does not respond to the count of the information on which the prosecution elected to go to trial. It is insisted, under the rule announced in *Williams v. State,* 6 Neb. 334, that, where there are distinct offenses charged in different counts of the information, as in the case at bar, the jury must either return a general verdict of not guilty, or respond specially to each charge in the information. Since the decision in *Ford v. State,* 79 Neb. 309, the above rule has been abrogated in this state, for *Williams v. State, supra,* and *Casey v. State,* 20 Neb. 138, were expressly

overruled by that decision. The rule by which this question is now governed is, where several counts are included in the same information, a conviction on one count may be sustained, although the jury ignore the others; and a judgment upon one of several counts, with no verdict as to the others, operates as an acquittal on the other counts. Again, as above stated, the defendant was prosecuted upon the third count of the information, which charged a violation of the provisions of section 203 of the criminal code, and by the instructions of the court it was made plain that the charge contained in that count was the one to which the verdict of the jury must respond. So, for the purpose of the trial, the case stood as though there was only one count contained in the information, and the verdict of guilty, as charged, clearly responded to that count.

It is next contended that the trial court erred in overruling defendant's challenge of the juror Meyer for cause. It appears that Meyer had read the newspaper accounts of the transaction, and for that reason alone had an impression or opinion as to the guilt or innocence of the defendant, which he said would require some evidence to remove. The juror further stated that the fact that any one was accused of having committed so heinous a crime would, to a certain extent, create in his mind a prejudice against him. However, in response to questions propounded by the court, the juror clearly stated that his impression or opinion was founded solely on newspaper accounts, and, if retained as a juror, his impression so formed would not interfere with his rendering a fair and impartial verdict upon the evidence and the instructions of the court. It seems clear, therefore, that the juror brought himself within the rule announced in *Bohanan v. State,* 18 Neb. 57, *Basye v. State,* 45 . .b. 261, 277, *Bolln v. State,* 51 Neb. 581, and *Barker v. State,* 73 Neb. 469. The challenge, therefore, was properly overruled.

It is further contended that the court erred in giving the first and second paragraphs of his instructions, for the reason that they treated the information and all of its

counts as an entirety. We do not so understand them. They clearly defined the crime charged in the count on which the defendant was prosecuted, and by the third paragraph of the instructions the jury were plainly told that in order to find the defendant guilty the state must prove all of the elements of the crime (describing them as set forth in that count) beyond a reasonable doubt. So it is apparent that the jury were not misled by the instructions complained of.

Complaint is also made of the giving of the seventh instruction, which treats of the necessity for corroboration. An examination of the instruction shows that the jury were clearly informed that they could not convict the defendant upon the uncorroborated evidence of the prosecutrix, and this statement was followed by a definition of that term which has been many times approved by this court.

Defendant further insists that the court erred in refusing to give the tenth instruction tendered by him, in modifying it, and finally giving it as modified. It appears that when accused of his misconduct by the prosecutrix and her grandmother, to whom she first related her story, the defendant fled to another state. Later on he returned to Nebraska, but not to his former home, and was finally arrested in a county other than that of his residence. The instruction on that point, as tendered by him, contained the following: "You may look on it as evidence of fear, or of summary punishment at the hands of his accusers." The words quoted were stricken from the instruction by the court, and as thus modified the charge was left in the form usually given in such cases. The record contained · no evidence showing, or tending to show, that there was any excitement in the community where the defendant lived on account of the charge made against him, or that his accusers ever threatened him with any summary punishment whatsoever. Therefore the court properly modified the request, and did not err in giving it in its modified **form.**

Finally, it is contended that the verdict is not sustained by sufficient evidence. It would serve no good purpose to quote the evidence in this case with all of its disgusting details. It is sufficient to say that the prosecutrix, who appears to be a bright, intelligent girl, nearly 16 years of age, testified that her father (the defendant) took undue liberties with her person from time to time, as opportunity offered, from July until December, 1906; that on Christmas night of that year he got into bed with her, and, against her protest, partially accomplished his purpose. Again, in the absence of her grandmother from the house, between Christmas and the first day of January following, he came to her bed and repeated the transaction; and, finally, on the night of the 2d of January, 1907, he again got into bed with her and fully consummated the act of sexual intercourse with her. She testified that in so doing he broke the bed down, and it appears that, when her grandmother returned to the home on the following morning, she found the bed in that broken condition. It further appears that about a week thereafter the prosecutrix told her grandmother and her aunts what her father had done to her. It further appears that defendant, when accused of the crime by the members of his household, fled to an adjoining state, and was finally arrested in a county other than that of his residence. Again, the prosecutrix was examined immediately after she made her complaint by two reputable physicians, who found nothing in her condition tending to render her evidence incredible. Her grandmother testified that she heard a conversation, in which the defendant was directly accused of having taken improper liberties with the girl, which he failed to deny. It was therefore the province of the jury to consider all of the evidence and determine its weight, sufficiency and effect, and, having done so, a finding of guilt should not be disturbed by a reviewing court. It is said that a conviction cannot be had in such a case upon the uncorroborated testimony of an accomplice. But, as we have seen, such is not the case here. In *Schwartz v. State*, 65 Neb. 196,

an instruction informing the jury that the prosecutrix, who had, under physical and moral coercion, maintained incestuous relation with the defendant, who was her father, was not an accomplice, was held to state a sound and relevant proposition. The facts disclosed by the evidence in the case at bar bring that question clearly within the foregoing rule.

A careful examination of the record fails to disclose any reversible error, and the judgment of the district court is

AFFIRMED.