## GASTON *v.* STATE.

### Opinion delivered May 23, 1910.

1. INCEST—MUTUAL ASSENT.—In a prosecution under Kirby's Digest, § 1811, providing that "persons * * * within the degrees of consanguinity within which marriages are declared by law to be incestuous * * *, who shall commit adultery or fornication with each other, shall be deemed guilty of incest," *held,* that where the parties to sexual intercourse are within the prohibited degrees the male may be convicted of incest, even though he accomplished the act without consent of the female and against her will. (Page 234.)

2. SAME—WHETHER FEMALE AN ACCOMPLICE.—A female with whom incestuous intercourse is had against her will is not an accomplice of the male, and therefore need not be corroborated as a witness. (Page 235.)

3. TRIAL—IMPROPER ARGUMENT.—Where the defendant in an incest case was convicted solely upon the testimony of the prosecuting witness, and there was testimony of another witness tending to impeach her credibility, the error of permitting the prosecuting attorney to refer in his argument to the impeaching witness as a liar and professional witness, and as having been present at a former trial of the cause and not called by defendant, when unsupported by testimony, was prejudicial, and such prejudice was not removed by a direction of the court not to consider anything not in evidence. (Page 236.)

Appeal from Sebastian Circuit Court, Greenwood District; Daniel Hon, Judge; reversed.

*C. T. Wetherby,* for appellant.

The verdict is not supported by the evidence. 48 Ark. 66; 58 Ark. 3; 61 Ark. 62; 6 Conn. 417. The evidence showed rape conclusively, and the former jury must have acquitted appellant because of the improbability of witness' story. 20 Ore. 427; 141 Mo. 281; 2 Mont. 193; 22 O. St. 541; 36 Pac. 302; 74 Mo. 395; 21 Neb. 171.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

An acquittal on charge of rape does not bar a prosecution for incest. 60 Am. St. R. 35. A party may be convicted of incest though he accomplish his purpose by such means as would make it rape. 19 So. 306; 54 Am. St. R. 140. The crime of incest may exist, although the consent of the female to the act was never obtained. 90 Cal. 359; 119 Cal. 456; 151 Cal. 604; 74 Mo. 385; 204 Ill. 479; 106 Ind. 163; 30 Tex. App. 695; 20 Wash. 522; 131 Mass. 577; Bish. Stat. Crimes, 660; 44 Ga. 209; 68 Ga. 672; 90 Wis. 527; 82 Wis. 571; 9 Pac. 532. The aim of the statute is to prevent unnatural intercourse. 117 La. 122. No corroboration is required. 42 Fla. 184. The woman is an accomplice only when she consented to the act. 11 Tex. App. 92; 103 N. W. 159. Where she did not consent, her uncorroborated testimony is sufficient. 75 Pac. 166; 103 Ia. 720; 91 N. W. 191; 59 Vt. 614. Remarks of counsel were not prejudicial. 76 Ark. 39; 88 Ark. 62; 71 Ark. 403; *Id.* 62; 84 Ark. 131.

FRAUENTHAL, J. The defendant, James Gaston, was convicted of the crime of incest, and he has appealed to this court to obtain a reversal of the judgment of conviction. The testimony on the part of the State tended to prove that the defendant was a married man, and the father of Annie Martin, and that he did have carnal knowledge of his said daughter. The principal witness on behalf of the State was the daughter; and the testimony tended to prove that the defendant obtained the sexual intercourse with her without her consent and forcibly and against her will. It is urged that, in order to constitute the crime of incest, it is necessary that both parties should assent to the intercourse. In some jurisdictions it has been held that such consent is necessary upon the theory that the crime is a joint one. Our statute (Kirby's Digest, § 1811) provides that "persons marrying who are within the degrees of consanguinity

within which marriages are declared by law to be incestuous or void absolutely, or who shall commit adultery or fornication with each other, shall be deemed guilty of incest." The crime of incest is committed by adultery when the accused party is married. The gravamen of the crime of incest is the unlawful carnal knowledge, and it is unlawful because of consanguinity. The object of the statute is to prohibit by punishment the sexual intercourse of those who are related within the prescribed degrees. The intercourse is unlawful because of consanguinity, and without regard to the means by which the intercourse is accomplished. The intent of the male is equally criminal, and his act is equally unnatural, whether the female consents or not. The consent of the female can add nothing to the moral or legal turpitude of the male. The defendant is punished, not because of the act of another, but because of his own evil intent and criminal act. Mr. Bishop in his work on Statutory Crimes, § 660, says: "Where the crime consists of one's unlawful carnal knowledge of another, it is immaterial whether the other participated under circumstances to incur guilt or not." In 10 Am. & Eng. Enc. Law, 341, it is said: "The weight of authority seems to be to the effect that where incestuous fornication is shown to have been committed by defendant in full knowledge of the relationship between himself and the other participant the fact that he may have or did use force in the accomplishment of his object is entirely immaterial, and he may be convicted of the crime of incest notwithstanding." We are of opinion that under our statute where the parties to the sexual intercourse are within the prohibited degrees the male may be convicted of incest, even though he accomplished the act without consent of the female and against her will. Wharton on Criminal Law, § 1751; *State* v. *Ellis,* 74 Mo. 385; *Mercer* v. *State,* 17 Tex. App. 452; *Porath* v. *State,* 90 Wis. 527; *People* v. *Barnes,* 2 Idaho 161; *Smith* v. *State,* 108 Ala. 1; *Norton* v. *State,* 106 Ind. 163; *Com.* v. *Bakeman,* 131 Mass. 577.

It is urged that the testimony of the witness Annie Martin was not corroborated, and that the defendant can not be convicted of the crime of incest upon her uncorroborated testimony because she is necessarily an accomplice in the commission of the crime. An accomplice has been defined to be one who unites in the commission of a crime and who participates in the crim-

nality of the act.   The female upon whom the crime of rape
is committed does not participate in the criminality of the act,
and is therefore not an accomplice to that crime.   And for the
same reason the female with whom adulterous intercourse is
obtained by force or against her will does not unite with the
commission of the crime.   She does not intentionally co-operate
with or aid in the commission of the criminal act.   She is free
of guilt, and she is therefore not an accomplice.   Her testimony
does not require corroboration as a matter of law.   Wharton
on Criminal Ev., § 440; *Bridges* v. *State,* 113 N. W. 1048; *Mul-
linix* v. *State,* 26 S. W. 504; *Whittaker* v. *Com.,* 95 Ky. 632.

It is earnestly contended by counsel for defendant that a
prejudicial error was committed in the trial of the case by the
improper remarks that were made by the attorney for the State
in his closing argument to the jury.   The defendant had intro-
duced testimony tending to prove that the members of his family
were expecting money upon what they called an "Indian Claim"
pending before a department of the United States, and that the
prosecuting witness and her mother were anxious for defend-
ant's conviction, so that he could not be free to spend this money.
He introduced at the trial several witnesses who testified to
contradictory statements made by the prosecuting witness.   His
most important witness was Tom Delaney, who testified that he
overheard a conversation between the prosecuting witness and
her husband in an adjoining room, after the alleged commission
of the offense charged against the defendant, in which she stated
that her father did not commit the crime, and that she on that
account was unwilling to give testimony against him, and that
her husband in forcible language insisted with threats that she
must give the testimony against her father, even if it was false.
In the course of his closing argument to the jury the prosecuting
attorney said:

"The defendant has produced a mass of perjured testimony.
Marshall Causey, Jim Appleby, Epp Potts and Tom Delaney,
all are unworthy of belief.   You take the witness Tom Delaney,
and, bless your heart, Tom Delaney is the biggest liar in this
whole country.   I tell you, he is a professional witness.   He
testifies in all the criminal cases in this court.   Absolutely, he
would not know the truth if he met it in the road."

Defendant at this point objected to the remarks, as being improper argument, and called on the prosecuting attorney to stop until he could make his objections, and appealed to the court, but the prosecutor refused to stop, and proceeded in a very loud tone of voice: "I tell you another very significant fact. Tom Delaney was here all last July term of court, when Gaston was being tried for raping this same daughter of his, and the defendant never put him on the stand as a witness. I tell you, gentlemen, this is a strong circumstance to show his testimony was made up to suit this occasion."

At this point defendant called on the prosecuting attorney to stop until he could make his objections and exceptions, and appealed to the court to compel him to desist from this course of argument; but, before there was any ruling, the prosecutor proceeded in a very loud tone of voice, talking to the defendant's attorney: "Yes, you object. You always object. You can't get along without objecting; but I will tell you you can object till you bawl your head off. I am arguing this case, and I don't want you to butt in."

The defendant asked the court to rebuke the prosecuting attorney, and asked that he instruct the jury that his remarks were improper, and should not be considered by them. The court said: "I have already told the jury not to consider anything not in evidence, and I believe they understand it." And: "They will try this case on the law and the evidence, and not on the argument of counsel."

In the trial of the case there was no testimony tending to impeach any of these witnesses referred to by the prosecuting attorney on the ground that their general reputation for truth and morality was bad; there was no testimony tending to prove that the witness Delaney was a professional witness, and no testimony tending to show whether or not this witness had been present at a former trial of the defendant, or whether or not he had testified at such trial. We have repeatedly called to the attention of the lower courts and their prosecuting officers that the due and proper administration of justice demands that the remarks of the attorneys before the jury should be kept within the bounds of legitimate argument; that no remarks should be made, especially by the prosecuting attorney, which would tend to deprive the accused of a fair, unprejudiced and impartial

trial. In the case of *Holder* v. *State,* 58 Ark. 473, we said: "A prosecuting attorney is a public official acting in a *quasi* judicial capacity." His statements to a jury should and do carry great weight on account of his judicial position. In the case of *Kansas City, F. S. & M. Rd. Co.* v. *Sokal,* 61 Ark. 130, we said: "Material statements made by counsel of appellee outside of the evidence, which were likely to injure appellant and were excepted to by him at the time and were not cured by the court, do constitute a good cause for reversal." And in the same case it is said: "Ordinarily, an objection by opposing counsel, followed by a rebuke from the bench and an admonition from the presiding judge to the jury to disregard prejudicial statements, is sufficient to cure the prejudice; but instances sometimes occur in which it is not sufficient." And in *Vaughan* v. *State,* 58 Ark. 353, speaking of improper remarks by counsel in argument, we said: "Whenever it occurs to us that any prejudice has most likely resulted therefrom, we shall not hesitate to reverse on that account." The object and purpose of a judicial trial is to obtain a true determination based solely upon the evidence and the law. If therefore an undue advantage has been obtained by an improper argument which has worked such a prejudice to the losing party that it cannot be said that he has obtained a fair and impartial trial under the law and facts of the case, then an error has been committed in the trial which is prejudicial, and which should call for a reversal of the judgment arrived at in such a trial. No fixed and rigid test can be laid down by which to determine what is and what is not legitimate argument. The legitimacy of remarks of attorneys in their argument to the jury must necessarily depend upon the peculiar circumstances of each case. Counsel have undoubtedly the right to criticise opposing witnesses where the testimony in the case shows contradicting facts or their interest in the result of the trial or the parties to the case; and mere expressions of opinion will not ordinarily be deemed prejudicial. But they have not the right to make statements of or argue relative to matters of fact about which there has been no evidence introduced in the trial of the case. And when it manifestly appears that such argument has worked such an undue advantage to the opposing party as to deprive him of an impartial trial under the law and evidence

of the case, it will be determined that such argument is a prejudicial error.

In the case at bar the prosecuting witness was the sole witness who testified to any incriminating act against the defendant. Her testimony was uncorroborated. The defendant introduced a witness who gave evidence tending to prove that the testimony of the prosecuting witness was false. The prosecuting attorney in his closing argument to the jury stated that this witness of defendant was a professional witness. That was a statement of a fact not supported by any testimony in the case, and not merely an expression of opinion. He further stated that this witness had been present at a former trial of the defendant relative to the same act, and that he had not been called as a witness in that trial. There was no testimony in the case upon which to base these statements of alleged facts. This argument was highly improper and prejudicial. Upon objection being made thereto, the court told the jury that they should try the case on the law and the evidence, and not on the argument of counsel. But the counsel had made statements which were not in the evidence; and, being made by the prosecuting officer as facts testified to in the case, the jury may have thought that the statements were a part of the evidence. The court should have gone further, and told the jury specifically that these statements of the prosecuting attorney were not evidence in the case, and that they should disregard them. We do not think that the statement of the court cured the prejudice of these remarks. The improper argument of counsel, we think, worked such a prejudice to the cause and defense of the prisoner that we cannot say that he has had a fair and impartial trial under the law and the evidence that was actually adduced in the case.

For this error the judgment is reversed, and the cause remanded for a new trial.