## STATE v. RASH.

Under Pen. Code, § 338, defining "adultery" as the voluntary sexual intercourse by a married person with one other than his or her spouse, and Pen. Code, § 325, as amended by Gen. Laws 1907, c. 11, § 1, defining "rape" as sexual intercourse with a female, not the wife of the ravisher, under the age of 18 years, a complaint which charged that the defendant, a male over 14 years, feloniously assaulted and ravished a female, not his wife, who was under the age of 18 years, did not charge adultery, but only rape; the intercourse charged being with a female incapable of consent.

In a prosecution for statutory rape, other acts of intercourse than the one relied on in the indictment are admissible in evidence.

Where the prosecuting attorney in a statutory rape case announced that he would rely on a certain act of intercourse for con-

viction, it was harmless error for the court to refuse motion to compel such election.

In a prosecution for statutory rape, evidence of medical experts that in their opinion the prosecutrix had had sexual intercourse was admissible, as corroboration of the prosecutrix's statements that defendant had had sexual intercourse with her.

In statutory rape case, where physicians had testified that in their opinion the prosecutrix had had sexual intercourse, evidence that the prosecutrix had been an inmate of a brothel and had visited places and persons where such intercourse could be had was properly excluded, even though offered to rebut the effect of the expert testimony.

In the absence of any statutory requirement, a conviction for statutory rape may be had on the unsupported testimony of the prosecutrix.

In a statutory rape case, the evidence of the prosecutrix held sufficiently corroborated to justify a verdict of guilty.

In the absence of a bill of exceptions showing the facts, error at the trial of a criminal case, in that the judge was absent from the courtroom for a time, during which the prosecuting attorney used improper argument to the jury, cannot be reviewed on appeal.

Where the trial court struck out of a proposed bill of exceptions in a criminal case matters therein contained, on the ground that no objection or exception was taken at the trial as to those matters, the fact that the attorneys stipulated that the matter stricken out should be printed in the abstract in order to present the question for review whether objection and exception were necessary, which stipulation was inserted by the court in his certificate to the bill of exceptions, will not make the matter stricken out a part of the bill of exceptions so as to warrant review of the error complained of on appeal.

The burden of presenting a record clearly showing error is on the appellant, as every presumption is in favor of the judgment as to matters not shown in the record.

Where the record in a criminal case fails to affirmatively show that it contains all that occurred at the trial relating to the alleged error, the appellate court will not review the point.

The remedy for erroneous action of the trial judge in striking matter from a proposed bill of exceptions in a criminal case is by petition to the Supreme Court under Code Civ. Proc. § 298; and, in the absence of such application, it will be presumed that the order striking the matter out was properly made.

(Opinion filed, March 1, 1911.)

Appeal from Circuit Court, Beadle County.   Hon. ALVA E. TAYLOR, Judge.

William Rash was covicted of statutory rape, and appeals. Affirmed.

*C. A. Kelley* and *James Byrnes,* for appellant. *S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen., O. S. Hagen, States's Atty.,* for the state.

CORSON, J. Upon an information duly filed by the state's attorney of Beadle county, the defendant was tried and convicted of the crime of statutory rape and sentenced to a term of years in the state penitentiary. From the judgment of the circuit court and order denying a new trial, the defendant has appealed to this court.

The appellant has assigned numerous errors, but of these a part only have been argued in this court, and those only that have been discussed in appellant's brief will be considered. A demurrer was interposed to the information upon the ground: "(1) That the information does not substantially conform to the requirements of the Code of Criminal Procedure. (2) That more than one offense is charged in the information. (3) That the facts stated in the information do not constitute a public offense." The demurrer was overruled, and to the order overruling the same the defendant excepted, and now assigns the same as error. We are of the opinion that the demurrer was properly overruled, for the reason that, while there are certain allegations in the information clearly unnecessary in an information charging the crime of rape upon the person of a female child under the age of 18 years, these unnecessary allegations may be treated as surplusage and the information held good for the offense intended to be charged, namely, statutory rape under the' provisions of our Criminal Code.

It is alleged that the assault was feloniously made upon one Edna Roberts, then and there not being the wife of the said William Rash, and being a female under the age of 16 years, and that he, the said William Rash, was over the age of 14 years, and that he did then and there ravish and carnally know her. The contention of appellant that two offenses are charged in the information, namely, rape and adultery, is not tenable. By section 338 of the Penal Code adultery is defined as follows: "Adultery is

the unlawful voluntary sexual intercourse, of a married person, with one of the opposite sex, other than the husband or wife of the offender, and when the crime is committed between parties, only one of whom is married, both are guilty of adultery." Rape is defined by section 325 of the Penal Code, as amended by section 1, c. 11, Sess. Laws 1907, as follows: "Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances: (1) Where the female is under the age of 18 years," and the accused is over the age of 14 years. Section 326, Pen. Code. There is no allegation in the information that the alleged sexual intercourse was voluntary on her part. The information, therefore, clearly charges statutory rape upon a female under the age of consent, and one incapable of giving consent under the statute. We are clearly of the opinion, therefore, that but one offense is charged, and that is the crime of statutory rape upon a female under the age of 18 years.

It is further disclosed by the record that the state's attorney in opening the case to the jury stated to them, in substance, that the state expected to prove that the said defendant, prior to the commission of the alleged offense in this case, which, as we have seen, is alleged to have been on the 30th of November, 1907, had had improper intercourse with the said Edna Roberts, the stepdaughter of the defendant, at different times, and on the trial she was permitted to testify to such acts of intercourse between herself and the defendant over the objection made by the defendant, and that such statement by the state's attorney, and the evidence as admitted by the court over the objection of the defendant, constitutes reversible error. The admission of such evidence, however, was held by this court to be proper in the case of State v. Sysinger, 125 N. W. 879. In that case the question was very fully considered by this court, and, after a careful review of the authorities, this court arrived at the conclusion that the weight of authority clearly sustained the view adopted by the court. In a very exhaustive note to the case of Cecil v. Territory, 8 Am. & Eng. Ann. Cas. 457, 461, it is stated: "Evidence of

other rapes than that charged committed upon the prosecutrix is, as a rule, admissible.  *  *  *  Thus in prosecutions for statutory rape it is competent for the state to show other acts of intercourse than that charged for the purpose of proving the felonious intent which is an element of the crime," and also admissible "to prove motive," and "any corroboration and explanation of the evidence of the act charged"—citing a very large number of decisions in support of these propositions in addition to those cited in State v. Sysinger, supra.

It is next contended by the defendant that the court erred in refusing to require the state's attorney to elect as to which act of sexual intercourse he would rely on for a conviction, but this contention is clearly untenable, as it is disclosed by the record that the state's attorney informed the court and counsel for the defendant that he would rely upon the act of sexual intercourse claimed to have been committed at the State Fair grounds, in Huron, on or about the 30th of November, 1907.

It is further contended by the appellant that the court erred in permitting the state to introduce the testimony of three physicians in which they gave their opinion as experts after an examination of Edna Roberts that she had had sexual intercourse with some person prior to the time of such examination. We are of the opinion that the court committed no error in admitting this evidence. This evidence was introduced as tending to prove that the said Edna Roberts had had sexual intercourse with some person at quite an early age, and as tending to corroborate her testimony that the defendant was that person. As corroborating testimony, the purpose for which it was introduced, we think it was clearly admissible.

It is further contended by the appellant that the court erred in not permitting him to prove as discrediting the testimony of the medical experts, or as rebutting the same, that the said Edna Roberts had been an inmate of a house of ill fame, and had visited places and persons where such intercourse could have been had, thus tending to prove that the condition shown by the medical experts to exist might have been caused by persons other than the

defendant. We are of the opinion that the evidence offered of specific acts of unchastity on the part of the said Edna Roberts was properly excluded. People v. Abbott, 97 Mich. 484, 56 N. W. 862, 37 Am. St. Rep. 360; State v. Smith, 18 S. D. 341, 100 N. W. 740. In the latter case it was held by this court on a prosecution for rape on a female under the age of consent evidence of prior intercourse by her with others was not admissible, either as bearing on her credibility or otherwise; the question of consent being immaterial. And in its opinion the court, speaking by Mr. Justice Fuller, says: "Under our statute it is rape to carnally know a female child under the age of 16 years, either with or without her consent, and no evidence of specific acts of similar unchaste conduct with men other than the accused is admissible to show consent, or for the purpose of further disgracing the child, or as bearing upon the credibility of her testimony." And the court cites People v. Johnson, 106 Cal. 289, 39 Pac. 622; State v. Whitesell, 142 Mo. 467, 44 S. W. 332; State v. Ogden, 39 Or. 196, 65 Pac. 449; People v. Abbott, 97 Mich. 484, 56 N. W. 862, 37 Am. St. Rep. 360.

It is further contended by the appellant that the evidence in this case is insufficient to support the verdict for the reason that the evidence of the witness Edna Roberts was not sufficiently corroborated. Our Code does not provide that the testimony of the principal witness in such case is required to be corroborated in order that a conviction may be had in this class of cases, and, in the absence of such a statute, we are not inclined to hold that a conviction cannot be sustained upon the uncorroborated testimony of a female in the case of statutory rape. In State v. Fetterly, 33 Wash. 599, 74 Pac. 810, it was held, as appears by the headnote: "In a prosecution for rape testimony of the prosecutrix to all the essential elements of the crime is sufficient to sustain a conviction without corroboration." In the course of its opinion the court says: "It is complained that the evidence is insufficient to justify the verdict, and in this connection the appellant urges that the prosecutrix should be corroborated, and that here there was no corroborative evidence. The prosecutrix testified directly and

positively to all of the essential elements necessary to constitute a complete offense, and, if her testimony is to be believed, the appellant is guilty of the crime charged. It may be that she was not corroborated in every particular, yet, notwithstanding this, the truth or falsity of her statements was a question for the jury. In this state there is no statute requiring that the prosecutrix be corroborated. State v. Roller, 30 Wash. 692, 71 Pac. 718. When, therefore, the evidence of the prosecutrix is, if true, sufficient to convict the defendant, and the jury find it to be true, this court cannot, without a usurpation of its authority, hold that the evidence is insufficient to warrant a conviction." In Brenton v. Territory of Oklahoma, 15 Okl. 6, 78 Pac. 83, it was held, as appears by the headnote, that: "In the absence of an express statutory prohibition, a person charged with rape may be convicted upon the uncorroborated evidence of the prosecutrix alone, provided such evidence satisfies the court and jury of the guilt of the defendant beyond a reasonable doubt." In a note to the case, as reported in 6 Am. & Eng. Ann. Cas. 771, it is stated: "In the absence of a statute to the contrary, the testimony of the prosecutrix, uncorroborated by other witnesses, may be sufficient to justify a conviction for rape, as the crime is rarely perpetrated in the presence of third persons"—citing a large number of decisions from different states so holding. In the case at bar, however, there was some corroborating evidence. It was proven and admitted by the defendant that he was with the prosecuting witness on the evening of the alleged commission of the offense. It was also shown that on the evening of July 3, 1908, a difficulty occurred between the defendant and C. C. Roberts, an uncle of Edna Roberts, and that early on the following morning he left Huron and went to Vienna, in Clark county, where he corresponded with his wife until his arrest, under an assumed name. It is true the defendant attempted to explain his leaving the city on the ground that he had a difficulty with parties there during the evening, and was fearful of being arrested for assault and battery, but there was evidence tending to prove that he received the information that evening that he would be prosecuted for criminal intercourse with his step-

daughter, Edna, and the facts connected with the transaction were very fully testified to by different witnesses on the trial, and the testimony of the physicians was also quite important as corroborating evidence.  Assuming, therefore, that corroborating testimony is necessary in such a case, we are of the opinion that there was sufficient corroborating evidence in this case to justify the verdict of the jury, if they were satisfied beyond a reasonable doubt as to the guilt of the defendant.

It is further contended by the appellant that there was misconduct of the trial judge during the trial of the case in leaving the courtroom during the argument of the same to the jury and remaining out of the courtroom, in another room, during a part of the time the argument was being made to the jury by the state's attorney and appellant's counsel, and that during the absence of the judge, the state's attorney, in his argument, stated matters outside of the evidence and used improper argument to the jury, and that there was no judge there to reprimand him or stop him from using such arguments and to protect the rights of the defendant, and see that he had a fair and just trial.  The alleged error as to the absence of the judge from the courtroom, and as to the remarks of the state's attorney made during his absence, are not properly before us for review, as all matter in the bill of exceptions pertaining to that question was stricken out by the trial judge, as appears by the following statement made on page 64 of appellant's abstract: "Pages 49, 50, and 51 stricken out for the reason that no objection or exception was made or taken at the trial as to any matters therein stated"—to which ruling the defendant excepted.  Pages 49, 50, and 51 of the bill of exceptions stricken out constitute pages 61, 62, 63, and part of 64 of appellant's abstract.  These pages are printed in the abstract by reason of the following, contained in the certificate of the trial judge, to the bill of exceptions: "It is understood and agreed in this case that if said case should be appealed that pages Nos. 49, 50, and 51 of this bill of exceptions shall be printed as a part of the abstract and in the abstract of record of this case together with the indorsements of the court on page 51 and also on the back of said

leaf, * * * in order that the Supreme Court may pass upon that part of the bill of exceptions and on the question of whether defendant may avail himself of the facts therein stated when no exception or objection was made or taken at the trial to any matter therein stated." It will thus be seen that the statements of the state's attorney in his argument to the jury at the trial, and the statement as to the absence of the trial judge, were stricken out of the bill of exceptions, and therefore are not before us for review. This stipulation is not properly before this court, as it is not competent for the trial court or judge to insert in a certificate settling the bill of exceptions such a stipulation on the part of the attorneys. As no amended or additional abstract was filed in this case by either party, this court can only review the case upon the appellant's abstract, and as the abstract affirmatively shows that the three pages referring to the statements of counsel and the proceedings of the court, except the fact that no objection or exception was taken to the alleged absence of the trial judge, were stricken out, no question is presented as to these proceedings for review by this court. The law seems to be well settled that the appellant must present a record showing error so clearly as to overthrow every presumption of regularity. He must exclude every presumption in favor of the judgment arising from omissions in the record by including all the trial court proceedings affecting the error alleged. No presumption or inference in favor of the appellant will be made. See 2 Ency. Pl. & Pr. 294, and cases cited. And it seems also to be well settled that where the transcript on appeal fails to show affirmatively that it contains a complete copy of all the proceedings on the trial affecting error alleged, the court will not review the point. If the court below improperly refused to include the matters set forth in the pages stricken out, a remedy is provided for the appellant by section 298 of the Code of Civil Procedure, which provides: If the judge in any case refuse to allow an exception in accordance with the facts, the parties desiring the bill settled may apply by petition to the Supreme Court to prove the same, and such bill may be

settled by this court. No such application, however, was made to this court, so far as is disclosed by the abstract, and hence the record as presented is conclusive upon this court. Whether or not the trial court was justified in striking out the alleged evidence contained in the bill of exceptions, on the ground that there was no objection or exception made to the same at the trial, is not now properly before us for review, for the reason that the facts upon which the order was made are not now properly before us, and, in the absence of an affirmative showing to the contrary, we must presume that the order striking out the evidence from the bill of exceptions was properly made.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.