STATE, Respondent, v. DACHTLER, Appellant.

(179 N. W. 653.)

(File No. 4701.   Opinion filed October 18, 1920.   Rehearing denied November 6, 1920.)

1.   **Rape—Age of Complainant, Father's Testimony Re, Sufficiency of Evidence.**

In a prosecution for rape, the testimony of the girl's father being direct and positive, and strengthened on cross-examination, held, sufficient to establish the daughter's age as 17 at time when the crime was committed; question of father's credibility was for jury, who were justified in believing his truthfulness.

2.   **Same—Illicit Intercourse, Complainant's Uncorroborated Testimony, Defendant Flatly Contradicting—Rule Re Caution Against Imposition Stated—No Conviction Where Complainant's Testimony Unreliable.**

Where, in a prosecution for rape, the only testimony of illicit

intercourse as the uncorroborated testimony of complainant, which was flatly contradicted by defendant, regard should be had to the rule that it is an accusation easily made, 'hard to be proved and hard to be defended by accused, though ever so innocent, that courts and juries should be more cautious upon trial of such offenses, wherein imposition is comparatively easy, and the heinousness of the offense may oftimes arouse indignation which may carry conviction through confidence in malicious and false witnesses; hence, while one may be convicted of this crime upon uncorroborated testimony of complainant, this rule does not control where from the whole record it appears such testimony is unreliable, improbable, or where such witness has been fairly impeached. Held, further, that the record before us does not bring the case within such exception, that nothing improbable is found in complainant's story, and the Court starts from defendant's promise that complainant was of an "easy virtue," there being no such unexplainable inconsistencies as necessarily to impeach her and render her story unreliable.

3. Same—Complainant's Testimony, Variance on Preliminary Examination and On Trial Re Force Used, Immateriality Of— Later Confession Re—Non-resistance of Defendant, Effect.

While some inconsistencies between complainant's testimony on preliminary examination, and upon the trial in a prosecution for rape exist, they were reasonably explained without concluding she perjured herself, such variance referring merely to details, such as complainant's resistance on the first occasion when she claims she submitted to defendant's unlawful embraces; and the mere fact that she afterwards confessed that her participation therein was not because her power of resistance had been overcome, does not throw serious doubt on the truth of the confession.

4. Same—Rule in Former Decision That Unlawful Voluntary Intercourse Not From Illicit Passion, Nonapplicable Here—Distinction Stated.

To defendant's contention that complainant, in a prosecution for rape has testified to facts inconsistent with the rule laid down in State v. Yeager, 41 S. D. 51, to the effect that experience teaches, that unlawful voluntary intercourse, especially where female is under the age of consent, is not the result of spontaneous outbursts of illicit passion but almost invariably as the result of repeated importuning, etc., the Court suggests that said rule was laid down in view of the facts in the record of that case, wherein except for the evidence of complainant, there was nothing to show her to be other than a girl of ordinary modesty, natural chastity, and a reasonable fear or conse-

quences of sexual intercourse; while in the case at bar defendant's theory is that complainant was but a strumpet at and before time of the alleged offense; the rule in the Yeager case having no application.

5.  **Same—Complainant's Non-notification of Pregnancy, This Circumstance Explained, Non-promise of Marriage, Effect.**

That complainant, in a prosecution for rape, did not notify defendant, at whose home she was living at the time in question, of her pregnancy, is explained by her testimony that she did not know thereof until after she left his home—a not improbable claim, she being uneducated and unacquainted with the probable results of such wrongdoing. There was no promise of marriage; defendant, to her knowledge, was keeping company with another girl; and her conduct in this respect is not improbable.

6   **Same—Complainant's Non-notification to Defendant's Mother Re Her Wrongdoing—Complaint at First Opportunity, Rule Non-applicable—Final Willingness of Complainant, Effect.**

The fact that complainant did not notify defendant's mother (in whose home she was living) of her wrongdoings as soon as they occurred, should be regarded in the light of the fact that this was not a case where ravishment was accomplished through brute force; since even to the first act of intercourse, complainant, by her own testimony, was finally not an unwilling party.

7.  **Same—Complainant's Testimony That Pregnancy Resulted Immediately After Menstrual Period, Testimony Explained—Date of Child-birth, Whether Fully Developed Child—Expert Testimony Re Pregnancy.**

Complainant, in a prosecution for rape, in testifying concerning proximity of date of intercourse with time of menstrual period, but without fixing exact date of such period, defendant's contention that her testimony showed pregnancy occurred immediately after such period, and that according to the expert testimony it could not have preceded such period, is inconclusive; it not being shown that the child resulting from such intercourse was fully developed at birth, and the testimony showing that intercourse occurred · both before and after the menstrual period.

Smith and Gates, JJ., not sitting.

Appeal from Circuit Court, Meade County. Hon. James McNenny, Judge.

The defendant, William Dachtler, was convicted of the crime of rape, and he appeals. Judgment affirmed.

*Robert C. Hayes,* and *John T. Heffron,* for Appellant.

*Byron S. Payne,* Attorney General, and *Vernon R. Sickel,* Assistant Attorney General, for Respondent.

To point two, Appellant cited: State v. Schultz, (S. D.) 169 N. W. 548; 1 Hale P. C. 635; 33 Cyc. 1385; State v. Connelly, (Minn.) 59 N. W. 479; Tway v. State, (Wyo.) 50 Pac. 188; Buenn v. People, (Colo.) 28 Pac. 250.

Respondent cited: State v. Bailly, (S. D.) 137 N. W. 352.

WHITING, J. Defendant was convicted of statutory rape, and has appealed from the judgment and from an order denying a new trial.

No question is raised but that the rulings of the trial court upon the admission and exclusion of evidence and its instructions to the jury were in all things correct and fair to the defense. The sole question for our determination is whether the evidence is such as to require this court to reverse the verdict of the jury, although the testimony of the complaining witness, if true, establishes the guilt of appellant.

[1] Appellant claims that the testimony as to age of complainant is such as to leave the same in doubt. The testimony of the father of this girl was direct and positive, and a most searching cross-examination but strengthened same. Unless he willfully lied, his daughter was but 17 years of age at the time when some one committed the crime charged. That the crime alleged was committed by some person is conclusively established from the fact that complainant gave birth to a baby within 6 months of the time when, according to the testimony of her father, she reached her eighteenth birthday. It was for the jury to pass upon the father's credibility, and they were fully justified in believing that he spoke the truth.

[2] The proof as to the alleged illicit intercourse was the uncorroborated testimony of the complaining witness, which testimony was flatly contradicted in every detail by appellant. We are not unmindful of, and we fully agree with, Sir Mathew Hale's statement in regard to the crime of rape: "It must be remembered that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent," and that we should "be the more

cautious upon trials of offenses of this nature, wherein the court and jury may with so much ease be imposed upon without great care and vigilance; the heinousness of the offense many times transporting the judge and jury with so much. indignation that they are overhastily carried to the conviction of the person accused thereof by the confident testimony, sometimes of malicious and false witnesses." We are therefore in full agreement with what we believe to be the uniform holding of those courts which, while holding that a person may be convicted of the crime of rape upon the uncorroborated testimony of the complaining witness, yet hold that this cannot be rightfully done where, from the whole record, it appears that such testimony is unreliable, improbable, or where such witness has been fairly impeached; but we cannot agree with appellant that the record before us brings this case within such exception.

[3] Because of the earnestness with which appellant attacks complainant's testimony, the enormity of the crime of which appellant stands convicted, and the severity of the punishment meted out, we have given the record in this case unusually careful consideration. We have read and re-read the printed record, and we have also read with exceeding care the full settled record. The more we have studied such records, the more convinced we have become that, while there are some inconsistencies between the testimony of the complaining witness given on this trial and her testimony on the preliminary hearing, there is nothing that cannot be readily and reasonably explained on a theory other than that complainant had at either time wilfully perjured herself. These variances relate, not to the material facts, but only to details connected therewith, such as the amount of force used by appellant in overcoming complainant's resistance on the first occasion where she claims she submitted to appellant's unlawful embraces. This is a variance in relation to an immaterial matter, and can be readily understood and explained when one recalls the well-known tendency of a complainant in a statutory rape case, when first called upon to relate her story, to strive to convey the impression that she was not a willing party to the wrongdoing. The mere fact that she afterwards confesses that her participation therein was not because her power of resistance had been overcome does not throw serious doubt on the truth of such

confession; it is in fact in the nature of a confession, and worthy of credit as such.

[4] 'Appellant refers us to what is said in State v. Yeager, 41 S. D. 51, 168 N. W. 749, wherein we noted that:

"Human experience teaches that unlawful, voluntary sexual intercourse, especially where the female is under the age of consent, is not the result of the spontaneous outburst of illicit passion, but comes rather almost invariably as the result of repeated and more or less continuous importuning, love-making, and artful excitement of the passions, until the sense of modesty, the natural chastity, the fear of consequences—all of which would naturally restrain the girl from giving way to lustful desires—are overcome, and an illicit intimacy established."

Appellant urges that complainant has testified to facts absolutely inconsistent with the above, thus rendering her story improbable and unworthy of credit. When writing the above, we had in mind the case where, except for the evidence of complainant, there is nothing to show her to be other than a girl of ordinary modesty, natural chastity, and of a reasonable fear of the consequences attendant upon sexual intercourse. But in the case before us appellant himself would have us believe that this girl was but a strumpet at and before the time of the alleged offense. What we said in the Yeager Case has no applicaiton to a girl such as appellant would have us believe this girl to be—one of even less virtue than her own story would indicate.

[5] Appellant makes much of the fact that the complainant did not notify him of her pregnancy. She was living at his home at the time of the act complained of, but she swears she did not know of her pregnancy until after she left such home. This claim on her part is not improbable, as one cannot but conclude, from this whole record, that complainant was an uneducated girl, one who had probably not been properly advised in relation to the wonders of her own body. She concedes that the unlawful intercourse was not the result of affection. There was no promise of marriage. Appellant was, to complainant's knowledge, keeping company with another girl. She had no reason to expect much consideration at his hands, except such as might have been born of a fear of prosecution. We do not think her conduct in this respect improbable.

[6] Appellant also calls attention to the fact that complainant did not notify his mother of his wrongdoings as soon as they occurred, and he quotes the words of this court in State v. Schultz, 41 S. D. 184, 169 N. W. 548, wherein we note that it natural for one ravished to make complaint thereof at the first opportunity. That was a case where ravishment accomplished through brute force was claimed. Here, even to the first act of intercourse, complainant was finally, according to her own testimony, not an unwilling party. It certainly would have been exceedingly strange if she had hastened to appellant's mother with any complaint prior to the time when she realized her pregnancy, and at that time she had left appellant's home.

[7, 8] Appellant also makes much of the fact that complainant fixed the date of her last menstrual period; that she testified that the act resulting in pregnancy took place immediately after such period; that, according to expert testimony, conception, afterwards resulting in birth of the child could not have preceded such period; and that a sufficient period for gestation did not follow the date fixed as that of last menstrual period, prior to the birth of the child. Complainant did not fix any exact date for such menstrual period; it was not shown that the child was fully developed at birth; and last, but not least in importance, a child was born. It is certain, if the child was fully developed, either the expert was in error in saying that conception could not have preceded the last menstrual period (that there was intercourse before as well as after such period was testified to by complainant), or else the menstrual period was a few days earlier than the complainant recalled. All that can be possibly said is that complainant's memory as to date of menstrual period was faulty.

After a careful analysis of complainant's testimony we can find nothing improbable in her story, when we start from the premise adopted by the defense, that she was of "easy" virtue. There being nothing improbable in such story, and there being no such unexplainable inconsistencies as necessarily impeach her and render her story unreliable, the jurors, who saw her on the witness stand and were in a far better position than we to judge of her truthfulness, certainly acted within the bounds of reason in returning a verdict of guilty.

The judgment and order appealed from are affirmed.

SMITH and GATES, JJ., not sitting.