STATE, Respondent v. SHIELDS, Appellant

(132 N. W. 2d 384)

(File No. 10119. Opinion filed January 8, 1965)

**Austin, Hinderaker & Hackett,** Watertown, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Alfred E. Dirks,** Asst. Atty. Gen., Pierre, **T. G. Ries,** State's Atty., Watertown, for plaintiff and respondent.

HANSON, J.  Defendant was convicted of two counts of an Information charging the crime of indecent molestation of a child. The crimes were alleged to have been committed with the same minor girl on two separate and unrelated occasions. The girl was 13 years of age at the time of the offense alleged in Count I and 14 at the time of the offense alleged in Count II. The convicting evidence at the trial consists solely of complainant's testimony. Her testimony is sufficient to sustain conviction unless required to be corroborated.

The complaining witness voluntarily participated in the sexual acts and received $50 each time for her favors. Consequently, defendant contends she was an accomplice and her testimony needed corroboration to sustain conviction as required

by SDC 1960 Supp. 34.3636 as follows: "A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense * * *."

■ ■ Ordinarily, an accomplice is one who knowingly and with criminal intent participates, associates, or concurs with another in the commission of a crime. However, one who cannot be convicted of the same crime with which accused is charged is not an accomplice no matter how culpable his conduct in connection therewith, State v. Power, 74 S.D. 498, 54 N.W.2d 565. This is the generally accepted test for determining whether a witness is an accomplice whose testimony must be corroborated to sustain conviction of an accused. 14 Am.Jur., Criminal Law, § 110, p. 840, 1A, Words & Phrases, p. 248 et seq.

■ ■ In the prosecution of sexual offenses at common law the testimony of the prosecutrix was alone sufficient evidence to support a conviction. 7 Wigmore on Evidence § 2061, p. 342. This common-law rule applies in South Dakota to the offense of statutory rape, State v. Rash, 27 S.D. 185, 130 N.W. 91, except when such testimony "is unreliable, improbable, or where such witness has been fairly impeached", State v. Dachtler, 43 S.D. 407, 179 N.W. 653. Corroboration of the person injured is necessary in this state on a trial (1) for enticing away an unmarried female for the purpose of prostitution and (2) for seduction, SDC 1960 Supp. 34.3639. As in the case of statutory rape, however, there is no statutory requirement that the testimony of the prosecutrix be corroborated on a trial for indecent molestation of a minor. Such crime is defined by SDC 1960 Supp. 13.1727 as follows: "Any person who shall willfully and unlawfully commit any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of fifteen years, with the intent of arousing, appealing to, or gratifying the lust or passion or sexual desires of such person, or of such child, shall be guilty of the crime of indecent molestation of a child. * * *" The obvious purpose of the statute is to protect the morals of children and to prevent their defilement. Its protection extends to both willing and unwilling participants below the age of

fifteen years. The child's knowledge of the wrongfulness of the act is immaterial. Whether or not such children, in fact, consent is likewise immaterial. Legally they are incapable of doing so and cannot be convicted of the offense. Consequently, the complaining witness in the present action was not an accomplice and her testimony was not required to be corroborated. This rule is followed in California under a similar statute. See People v. Vaughan, 131 Cal.App. 265, 21 P.2d 438; People v. Smittcamp, 70 Cal.App.2d 741, 161 P.2d 983; People v. Huston, 156 Cal. App.2d 670, 320 P.2d 175 and numerous other cases cited under Section 288 of the Penal Code of California, in Vol. 48 of West's Annotated California Codes. The same conclusion was reached by the New York Court in People v. Gibson, 301 N.Y. 244, 93 N.E.2d 827, which involved the crime of incest alleged to have been committed by defendant with his fifteen-year-old daughter. The reasoning of that court applies with equal force to the present case. It said "We think it clear that a female, **under the age of legal consent,** cannot, as a matter of law, be held to be an accomplice, even if her participation in the incestuous relationship was wholly voluntary. Such a female could never be found guilty of the crime of incest because the law, for obvious reasons of public policy, declares that she is unable to consent to sexual intercourse, incestuous or otherwise * * * We would do violence to the accepted and long-established meaning of the word 'accomplice' to designate as such a female below the age of legal consent in an incest case who, as a matter of law, could not acquiesce in the criminal act."

Affirmed.

All the Judges concur.