STATE OF CONNECTICUT *v.* ANONYMOUS (1971-1)*

SUPERIOR COURT

PALMER, J. This is an information in three counts charging the defendant with the crimes of incest, risk of injury to a minor child, and rape. The charge of rape is predicated on that portion of § 53-238 of the General Statutes which provides that "[a]ny person who carnally knows any female under the age of sixteen years shall be guilty of rape," and which is commonly referred to as statutory rape.

The defendant has moved to dismiss the charge of incest on the ground that an essential element of that crime is that there be consent on the part of the female, and that such consent was lacking here because § 53-238 provides that "[n]o female under the age of sixteen years shall be deemed capable of

---

* Opinions on preliminary motions in criminal cases are thus entitled, in view of General Statutes § 54-90.

consenting to an act of intercourse." The allegations of the first count of the information, charging incest, do not include the name or age of the female involved in this case, but the state has stipulated that she is under the age of sixteen years.

As a female under the age of sixteen years is by statute incapable of consent to an act of intercourse, the element of consent of both parties is lacking in this case. The question then is whether the consent of both parties is an essential element of the crime of incest, which in Connecticut is defined as follows: "Every man and woman who marry or carnally know each other, being within any of the degrees of kindred specified in section 46-1, shall be imprisoned . . . ." General Statutes § 53-223. The necessity for such consent to support a charge of incest does not appear to have been considered in any reported Connecticut cases.

The weight of authority holds that such consent is not an essential element of the crime of incest. "In a majority of jurisdictions, the consent of both parties is not an essential element of the crime of incest by intercourse; when the intercourse and the relationship have been established, it is immaterial to the defendant's guilt whether the act of intercourse was with the consent of the other party or was by force or fraud. Under this rule it is held that the crime may be committed even though such a degree of force is used by the defendant as to render him liable to a prosecution for rape and even though the female is incapable of legal consent because she is not of age." 41 Am. Jur. 2d 518, Incest, § 10; see note, 36 A.L.R.2d 1299, 1300 §§ 2, 3; 2 Wharton, Criminal Law and Procedure § 729.

The reasoning implicit in the majority rule is well stated in *Gaston* v. *State,* 95 Ark. 233, 235, as follows: "The object of the statute is to prohibit

by punishment the sexual intercourse of those who are related within the prescribed degrees. The intercourse is unlawful because of consanguinity, and without regard to the means by which the intercourse is accomplished. The intent of the male is equally criminal, and his act is equally unnatural, whether the female consents or not. The consent of the female can add nothing to the moral or legal turpitude of the male. The defendant is punished, not because of the act of another, but because of his own evil intent and criminal act."

The court holds that the consent of the female under the age of sixteen years who is involved in this case is not an essential element of this charge of incest against the defendant.

The motion to dismiss the charge of incest is denied.