STATE, Respondent v. GOFF, Appellant

(195 N.W.2d 521)

(File No. 10905. Opinion filed March 14, 1972)

**William J. Srstka, Jr.,** Asst. Atty. Gen., Pierre, S. D., for plaintiff and respondent; **Gordon Mydland,** Atty. Gen., on the brief.

**Ralph C. Hoggatt,** Lead, S. D., for defendant and appellant.

BIEGELMEIER, Judge.

A jury convicted defendant of incest committed on his 11-year-old daughter, Ida Mae, and he appeals from the sentence imposed. It is admitted that the testimony of Ida Mae concerning the acts of defendant, if true, constitute the crime of incest. He asserts, however, it is uncorroborated, should be disregarded and without it the evidence is insufficient to sustain the jury verdict.

In State v. Lutheran, 76 S.D. 561, 82 N.W.2d 507, defendant was charged with rape, incest and adultery, and the court upheld convictions of attempts to commit each of these crimes. The convictions were based on the testimony of the 9-year-old victim and her 12-year-old brother. No mention is made in the opinion of the necessity of corroboration, nor do we have a statute expressly requiring it.

However, as the Attorney General's brief points out, corroboration is required for the testimony of an accomplice by SDCL 23-44-10. Directing our attention to that statute, it is substantially the same as § 13901, Iowa Code of 1939. After first writing that this accomplice statute required corroboration if the female consented to the illicit relations, but not if she was the victim of force or undue influence as in State v. Mentzer, 1941, 230 Iowa 804, 298 N.W. 893, that court later in State v. McCall, 1954, 245 Iowa 991, 63 N.W.2d 874, wrote:

"Incest is not one of the sex crimes listed in section 782.4 Code of Iowa, 1950, I.C.A., requiring corroboration of the testimony of the injured female. (citation omitted) Nor is Code section 782.5 which requires corroboration of the testimony of an accomplice, here applicable. This is because Letha, being under sixteen years of age, was legally incapable of consenting to sexual intercourse and hence could not be an accomplice to such crime."

Without dispute, Ida Mae testified defendant used force to accomplish his purpose. For that reason and also because she was 11 years old and legally incapable of consenting to sexual intercourse she was the victim and not an accomplice under SDCL 23-44-10. See South Dakota Pattern Instruction (criminal) 3-7-355e.

Corroboration of the injured female in actions involving sexual offenses has been held unnecessary in many other cases to which we add the following: State v. Stalker, 169 Iowa 396, 151 N.W. 527, L.R.A. 1915E, 1222, child seven to fourteen years old presumed no criminal intent, see SDCL 22-3-1; State v. Spridgen, 241 Iowa 828, 43 N.W.2d 192; Woods v. State, 250 Ind. 132, 235 N.E.2d 479; State v. Schwartz, 215 Minn. 476, 10 N.W.2d 370; Carr v. State, 22 Okl.Cr. 371, 211 P. 423; People v. Gibson, 301 N.Y. 244, 93 N.E.2d 827. The cases are collected in 7 Wigmore on Evidence, § 2061, 3rd Ed., and 74 A.L.R.2d 717.

People v. Gibson, supra, points out that the necessity of corroboration, if it exists, must be found in a statute and that New York has such a requirement in several statutes but not in the then existing incest statute. State v. Shields, 81 S.D. 184, 132 N.W.2d 384, involved the crime of indecent molestation, and as to the claim of lack of corroboration the court wrote:

"In the prosecution of sexual offenses at common law the testimony of the prosecutrix was alone sufficient evidence to support a conviction. 7 Wigmore on Evidence § 2061, p. 342. This common law rule applies in South Dakota to the offense of statutory rape, State v. Rash, 27 S.D. 185, 130 N.W. 91, except when such test-

imony 'is unreliable, improbable, or where such witness has been fairly impeached', State v. Dachtler, 43 S.D. 407, 179 N.W. 653." See also State v. Fulks, 83 S.D. 433, 160 N.W.2d 418.

However, after noting corroboration is required by a statute, SDCL 23-44-16, for the offenses now described in SDCL 22-22-13 and 22-23-2, the court stated it was not required for the offense of indecent molestation there considered. There being no such statutory requirement, corroboration was held not necessary. Among several opinions then cited the court quoted largely the reasoning in the People v. Gibson opinion, supra, which involved incest, as applicable to the sexual offense charged in Shields. We likewise apply the Gibson reasoning to this incest charge.

The court in State v. Rash, 27 S.D. 185, 130 N.W. 91, 29 Ann. Cas. 656, in reviewing a conviction for statutory rape of a girl under 16 years of age (our statute SDCL 22-22-1 fixes the age of consent at 18 years), sustained the conviction on the uncorroborated evidence of the injured female. The court wrote:

"Our Code does not provide that the testimony of the principal witness in such case is required to be corroborated in order that a conviction may be had in this class of cases, and, in the absence of such a statute, we are not inclined to hold that a conviction cannot be sustained upon the uncorroborated testimony of a female in the case of statutory rape."

The court in Fitzpatrick v. State, 87 Okl.Cr. 51, 194 P.2d 184, an incest prosecution, stated:

"Beginning with Reeves v. Territory, 2 Okl.Cr. 351, 10 [101] P. 1039, this court has long adhered to the rule that a conviction may be had upon the uncorroborated testimony of a prosecutrix in cases of this kind."

This does not deprive court review of convictions for sufficiency of the evidence for, as the Arizona court in State v. Haston, 64

Ariz. 72, 166 P.2d 141, phrased it, a conviction may be had on the uncorroborated testimony of the prosecutrix unless her story is so incredible that no reasonable person could believe it.

We have not overlooked the State v. Witmer, 174 Neb. 449, 118 N.W.2d 510 (incest), or State v. Anderson, 272 Minn. 384, 137 N.W.2d 781 (incest) opinions cited by defendant. The Witmer opinion cited Bridges v. State, 80 Neb. 91, 113 N.W. 1048 (rape), and Toth v. State, 141 Neb. 448, 3 N.W.2d 899 (incest). In Bridges the court declared defendant had not shown any error in a trial court's corroboration instruction, while in his dissent in Toth, Justice Rose (3 N.W.2d 904) tersely wrote he found nothing in the constitution, statutes or common law of Nebraska which required corroboration. State v. Anderson, supra, cited and quoted from the Witmer opinion. It also quoted psychiatrist Karl A. Menninger and extracts from Dean Wigmore's work on Evidence where he expressed his fears of false charges made by girls and women against men of sexual offenses. Both strongly favor requiring an examination by psychiatrists of all such female complaining witnesses before trial to determine their credibility. Dr. Menninger would also require such examination of all persons charged with crime. See State v. Klueber, 81 S.D. 223, 132 N.W. 2d 847, and the Anderson opinion. These views have not been adopted by this court. See State v. Schweitzer, 84 S.D. 384, 171 N.W.2d 737, especially note 1. Where upon all the evidence a court entertains grave doubt of guilt in any case, the remedy of a new trial, which the Anderson court granted, is available. This is in effect the application of the familiar insufficiency of the evidence rule or that of the Arizona court mentioned in State v. Haston, supra.

Defendant urges that testimony of two doctors of the physical condition of Ida Mae was inadmissible for the reason that her examination was made at the direction of the state's attorney without permission of either of the parents. One answer to this claim is that the criminal acts involved were claimed to have been committed by her father, and so it would have been contrary to the child's interest or the state's interest in her to ask the father's permission; nor can he raise an objection of the mother, if any she had.

It appears Ida Mae first complained of stomach pains to her teacher and a school nurse, and the examinations were made at the direction of the state's attorney. The various sections of the South Dakota Compiled Laws 1967 (SDCL) from chapters 13, 25 and 26, cited by defendant, are no bar to the physical examination under the circumstances. Indeed, SDCL 26-8-1 declares persons under 21 years of age are wards of the state for the purpose of that chapter; § 26-9-7 directs Chapters 26-8 and 26-9 be liberally construed "for the purposes of the protection of the child from the neglect or omission of parental duty toward the child by its parents", etc. Section 26-9-8 provides nothing in Chapter 26-9 shall be construed to be in conflict with, repeal or prevent proceedings under any law which may be a crime of any character.

SDCL 26-9-1 declares any person who contributes to the delinquency of a child shall be guilty of a misdemeanor, and § 26-9-9 declares that chapter shall not be construed to be inconsistent with any law providing for the punishment of taking indecent liberties with children, while § 26-10-10 requires various persons in the medical field to report information of children's injuries inflicted by other than accidental means. The whole tone of the statutes is to expand, not limit, the protection of children. These sections are not limitations of the state's attorney's authority or duty to investigate and prosecute criminal actions. See e. g. SDCL 7-16-7 and 7-16-9.

■ Claim is made of leading questions asked Ida Mae and of the cross-examination of defendant's mother who was the only witness for defendant. Leading questions are permitted within the discretion of the court, and this is a broad discretion when the witness is a person 11 years old. See State v. Albers, 52 S.D. 582, 219 N.W. 263. Where it is not apparent this discretion has been abused or shown to have resulted in prejudice to the party complaining, the ruling of the trial court will not be disturbed. State v. Fullerton Lumber Co., 35 S.D. 410, 152 N.W. 708. We find no such abuse.

■ The discretion rule, albeit a legal discretion, applies to the cross-examination of defendant's mother (Ida Mae's grand-

mother). She testified to some statements she claimed Ida Mae made to her nearly a year before the claimed incest charged. Whatever may have been its value, the state was permitted to show by cross-examination that the witness was biased against law enforcement officials for "taking away" some of her children by court proceedings in which the state's attorney took part. Some of this evidence was confusing, some consisted of volunteer statements by the witness. The extent of cross-examination as to this is ordinarily in the discretion of the trial court, State v. Kenstler, 44 S.D. 446, 184 N.W. 259, and no abuse of discretion appears.

The judgment appealed from is affirmed.

All the Judges concur.